**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC PEASE,**

                     **Plaintiff,**

                     **v.**

**1:16-cv-662
(GLS/CFH)**

**VERMONT RAILWAY, INC. et al.,**

                     **Defendants.**
_____

## SUMMARY ORDER

Plaintiff Eric Pease commenced this Federal Employers Liability Act (FELA)[1] action against defendants Vermont Railway, Inc. and Linchris Hotel Corp., doing business as Best Western Inn & Suites, related to a personal injury he allegedly suffered. (Am. Compl., Dkt. No. 4.) Pending before the court is Vermont Railway's motion to dismiss for lack or personal jurisdiction or, alternatively, for transfer. (Dkt. No. 16.) For the reasons that follow, the motion to dismiss is granted.

This case arises out of a slip and fall by Pease, a Vermont Railway employee, at a Best Western Inn & Suites hotel, operated by Linchris and located in Vermont. (Am. Compl. ¶¶ 12-13, 29.) Pease has alleged two

---

[1] *See* 45 U.S.C. §§ 51-60.

claims: the first, for a violation of the FELA against Vermont Railway, and the second, for general negligence against Linchris pursuant to the court's supplemental jurisdiction. (*Id.* ¶¶ 11, 20-30.)

Vermont Railway argues that dismissal is required for lack of personal jurisdiction under Rule 12(b)(2). (Dkt. No. 16, Attach. 1 at 2-6.) More specifically, Vermont Railway asserts that Pease cannot demonstrate the existence of personal jurisdiction under New York law. (*Id.*) Pease offers the following response:

> [Vermont Railway]'s analysis of New York Civil Practice Law and Rules has no place in this action premised on federal question jurisdiction. Pursuant to 45 [U.S.C.] § 56, a suit pursuant to FELA "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action, or in which the defendant shall be doing business at the time of commencing such action." [Vermont Railway] concedes that it does business in the district. . . . Consequently, jurisdiction is proper in this District.

(Dkt. No. 21.) For the reasons set forth below, the motion is granted for lack of personal jurisdiction.

Personal jurisdiction in an action premised on federal question jurisdiction lies if the forum state's jurisdictional rules are satisfied and the exercise of jurisdiction will not offend due process. *See Licci ex rel. Licci v.*

*Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). The party asserting jurisdiction bears "[t]he burden of proving jurisdiction." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). As relevant here, under N.Y. C.P.L.R. 301, jurisdiction can be established if a foreign corporation can be said to have made New York its "home" through substantial activity there. *See* David D. Siegel, N.Y. Prac. § 82 (5th Ed. June 2016 Update). Jurisdiction may also be established through satisfaction of the New York long arm statute, which presupposes that a cause of action arises from the defendant's acts in New York. *See* N.Y. C.P.L.R. 302(a).

As noted by Vermont Railway, (Dkt. No. 22 at 2-3), Pease clearly conflates matters of venue and personal jurisdiction, and he has entirely failed to carry his burden of establishing personal jurisdiction of Vermont Railway. Pease's terse response to Vermont Railway's motion does nothing to satisfy the court that it can exercise personal jurisdiction over that defendant. On the other hand, the affidavit furnished by Vermont Railways is persuasive that New York is not its "home" and that, despite some New York contacts, Vermont Railway's New York activities are not causally related to Pease's claims, all of which arose out of an incident in

3

Vermont.  (Dkt. No. 16, Attach. 7 ¶¶ 3-4; Am. Compl. ¶ 12.)  Indeed, the claim against Vermont Railway involves a personal injury at a Vermont hotel.  (Compl. ¶¶ 12-13.)  Accordingly, the motion to dismiss for lack of personal jurisdiction is granted and Vermont Railway is dismissed from this action.

Finally, the court declines to exercise supplemental jurisdiction over the remaining general negligence claim against Linchris.  (Am. Compl. ¶¶ 11, 27-30); see 28 U.S.C. § 1367(c)(3).  Because both of Pease's claims are dismissed, the dependent cross claim asserted by Linchris against Vermont Railways, which is solely for indemnification/contribution, (Dkt. No. 11 ¶ 27), is likewise dismissed.

Accordingly, it is hereby

**ORDERED** that Vermont Railways, Inc.'s motion to dismiss (Dkt. No. 16) is **GRANTED** and the claim asserted against it is **DISMISSED**; and it is further

**ORDERED** that the claim against Linchris Hotel Corp. is **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3); and it is further

**ORDERED** that the amended complaint (Dkt. No. 4) is **DISMISSED** in its entirety; and it is further

4

**ORDERED** that Linchris' cross claim against Vermont Railway (Dkt. No. 11 ¶ 27) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this action; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 3, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge